## STEEDLEY v. ATLANTIC COAST LINE R. CO.

### No. 8926.

Circuit Court of Appeals, Fifth Circuit.
Nov. 22, 1939.

Rehearing Denied Dec. 13, 1939.

J. P. Highsmith, of Baxley, Ga., for appellant.

Larry E. Pedrick and E. Kontz Bennett, both of Waycross, Ga., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

Appellant, E. Steedley, hereafter referred to as plaintiff, brought this suit to recover damages for personal injuries, incurred while employed by the Atlantic Coast Line Railroad Company and operating an electric power drill in its shops at Waycross, Ga. The only error relied upon is the granting of a motion for non-suit at the close of plaintiff's evidence.

Plaintiff's contention is that the drill was defective and the employer was negligent in not having it fitted with guards to prevent contact with the revolving drills.

The record shows the following facts. The drill was of the usual type used in machine shops and such drills are not fitted with guards. Plaintiff was 46 years of age and had been employed in the shops for about 13 years as a mechanic and helper. He had been instructed how to operate the drill when he first started to use it and had been doing so successfully for about three weeks. At the' time he was injured he was drilling holes in the ends of brake rods, using drills about 1¾₆ inches in diameter. The method of doing the work was to clamp a brake rod in the drill press and lower two drills, which bored at the same time, to contact with both ends of the rod. The drills could be raised and lowered separately. The drill was stopped and started by a lever about 6 feet away from where the operator stood. After the. holes were bored the drills were raised and the rods removed. Usually this was easily accomplished but sometimes a rod would become jammed in the clamps by the operation of drilling and it was then necessary to knock it out by using a punch and hammer.

Plaintiff testified he knew it was very dangerous to come into contact with the drill when revolving and he was very careful to avoid that. He had to lean over to knock the particular brake bar he had just drilled out of the chocks but he did not stop the drill before doing so. In some way (not definitely shown) his clothing was caught in the revolving drill and he was severely injured. He had taken one of the drills to be sharpened shortly before the accident and both drills were cutting satisfactorily.

While an employer owes the duty of using reasonable care to furnish his employees with reasonably safe appliances with which to work it is apparent there was no negligence or breach of duty on the part of the employer in this case. The drill was in good condition and safe, if properly operated. Plaintiff was a mechanic of long experience. The danger of coming in contact with a revolving drill was apparent and he was thoroughly alive to the danger. Knocking the bar out of the drill press could have been made perfectly safe by stopping the drill.

The record presents no reversible error. The judgment is affirmed.